# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MARK REEDER, )<br><br>)<br><br>)<br>Plaintiff, )<br><br>)<br>v. )<br><br>)<br>BSI FINANCIAL SERVICES, INC.; KEYLINK, )<br>INC.; NATIONAL VENDOR MANAGEMENT )<br>SERVICES; CHRISTIANA TRUST, A )<br>DIVISION OF WILMINGTON SAVINGS FUND )<br>SOCIETY, FSB, AS TRUSTEE FOR THE )<br>HILLDALE TRUST; THE HILLDALE TRUST; )<br>BANK OF AMERICA, N.A., FAY SERVICING, )<br>LLC; FIVE STAR FIELD SERVICE, LLC; )<br>STONEY W. HAYES; )<br><br>)<br>Defendants. )<br><br>) | Case No: 1:17-cv-01170-STA-egb<br><br><br><br><br><br><br><br><br><br><br>(Removed from Lake County<br>   General Sessions Court) |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Christiana Trust, a Division of Wilmington Saving Fund Society, FSB, as trustee for the Hilldale Trust ("Christiana Trust"), The Hilldale Trust, and Fay Servicing, LLC ("Fay Servicing") (collectively "Hilldale Defendants"), submit this Memorandum in Support of their Motion to Dismiss.

## FACTS

On or about August 22, 2006, Plaintiff Mark V. Reeder ("Plaintiff") executed a Home Equity Line of Credit Agreement (the "Agreement"), which provided a line of credit up to $35,000, in favor of Bank of America, N.A. ("Bank of America"). Complaint ¶ 1. Repayment of all amounts due under the Agreement was secured by an Open-End Deed of Trust (the "Deed of

Trust") (collectively the Agreement and Deed of Trust constitute the "Loan"). **Exhibit A**. [1] The Deed of Trust granted Bank of America a security interest in real property commonly known as 421 Moss Street, Tiptonville, Tennessee 38079 (the "Property). *Id.*

### *Plaintiff's Bankruptcy Proceedings*

On February 23, 2010, Plaintiff filed a Voluntary Petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Western District of Tennessee. **Exhibit B**. [2] Plaintiff listed Bank of America as a creditor holding a secured claim in the amount of $35,203.00. *Id.* at p. 13. An Order discharging Plaintiff from bankruptcy was entered on June 2, 2010. **Exhibit C**. The Order provides that "a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy." *Id.* The Order also provides that Plaintiff "may voluntarily pay any debt that has been discharged." *Id.*

---

[1] In analyzing Hilldale Defendants' motion to dismiss, this Court may consider the recorded title documents and documents referenced in the Complaint without converting this motion into a motion for summary judgment because the referenced documents are either public records or documents that are integral to the claims asserted in the Complaint. *See Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008) ("A court may consider the public records without converting a Rule 12(b)(6) motion into a Rule 56 motion." (citation omitted)); *Okolo. v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931, 945 n.5 (M.D. Tenn. 2012) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." (*quoting Weiner v. Klais & Co., Inc*., 108 F.3d 86, 89 (6th Cir. 1997)).

[2] This Court may also consider Plaintiff's bankruptcy filings without converting Hilldale Defendants' motion to dismiss into a motion for summary judgment. *See Swanigan v. Nw. Airlines, Inc.*, 718 F. Supp. 2d 917, 922 (W.D. Tenn. 2010) (holding that bankruptcy filings, although outside the pleadings, could be considered without converting a motion to dismiss to a motion for summary judgment.); *Bohanan v. Bridgestone/Firestone North American Tire, LLC*, No. 3:06cv122, 2007 WL 1091209, at *2 (M.D. Tenn. Apr. 10, 2007) (holding that "[b]ecause the filings and the orders entered in the bankruptcy action are public records, the Court may consider them without converting" the motion to dismiss).

### *Plaintiff Stopped Residing at the Property*

Plaintiff stopped residing in the Property in April 2010, two months prior to his discharge from bankruptcy. Complaint ¶ 2. Despite the fact that he no longer resided at the Property, Plaintiff chose to leave behind personal property. *Id.* at ¶ 2. On or about July 20, 2016, Plaintiff was notified that his Loan had been sold to the Hilldale Trust. *Id.* at ¶ 7. The Deed of Trust was subsequently assigned to Christiana Trust, as trustee for the Hilldale Trust, via a Corporate Assignment of the Deed of Trust recorded on September 19, 2016. **Exhibit D**.

On or about December 8, 2016, Christiana Trust appointed Timothy D. Padgett, P.A. (the "Substitute Trustee") as substitute trustee. **Exhibit E**. The Substitute Trustee then recorded a notice of the Substitute Trustee's Sale on July 31, 2017, which stated that Plaintiff had defaulted under the terms of the Agreement and Deed of Trust, and set a foreclosure sale for August 22, 2017, at 10:00 a.m. **Exhibit F**. The foreclosure sale did not go forward.

### *Current Action*

On July 31, 2017, seven years after the bankruptcy, Plaintiff initiated the instant action by filing a Complaint in the General Sessions Court of Lake County, Tennessee. Sifting through the Complaint in an attempt to make heads or tails out of it, Plaintiff appears to be complaining about conduct he alleged was engaged in by Defendants related to the property. His allegations, however, are based on the wrongful belief that the lien on the property was extinguished by his bankruptcy discharge. That, however, is simply not the case.

Plaintiff alleges that several individuals came onto the Property to perform property preservation tasks. Specifically, Plaintiff alleges that an individual—sent by Defendant National Vendor Management Services and Defendant BSI Financial Services, Inc.,—cut his lawn on October 31, 2016, and made "alarming statements about Plaintiff's personal property." Complaint

¶ 11. Plaintiff further alleges that he received telephone calls from his neighbor on December 16, 2016 and December 26, 2016, advising that people were on the Property. *Id.* at ¶¶ 16, 19. With regard to the December 26, 2016 visit, Plaintiff maintains this visit led him to check into the hospital due to "concerns about stress." Complaint ¶ 22.[3] In addition, Plaintiff maintains that an individual sent by Fay Servicing LLC and Five Star Field Services of Jackson, Tennessee, entered the Property on June 9, 2017 and June 15, 2017. *Id.* at ¶¶ 32-35. Plaintiff's Complaint also contains general allegations regarding a potential loan modification. These allegations, however, are not directed at the Hilldale Defendants.

Plaintiff's prayer for relief asserts causes of action for (1) disregard of due process pursuant to Tenn. Code Ann. § 35-5-101; (2) negligence; and (3) monetary damages under Tenn. Code Ann. § 16-15-501(d)(1), which provides that courts of general sessions may award damages up to $25,000. Complaint, p. 7. Lastly, Plaintiff requests "immediate injunctive relief for the protection of [his] Property." *Id.* For the reasons set forth below, Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety.

## MOTION TO DISMISS STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). Under Rule 12(b)(6), the complaint is viewed in the light most favorable to Plaintiff, the allegations in the complaint are

---

[3] The Complaint references three additional hospital visits, two of which are not connected to the allegations set forth in the Complaint. Specifically, a visit on December 30, 2016 was due to general illness and a January 3, 2017 visit was for pneumonia. Complaint ¶¶ 23, 25.

accepted as true, and all reasonable inferences are drawn in favor of Plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

A "legal conclusion couched as a factual allegation," however, need not be accepted as true. *Twombly*, 550 U.S. at 555. The plaintiff's obligation to provide the "grounds" for their claimed entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.; *see also Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In short, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. (internal quotation marks and citation omitted).

While *pro se* complaints "are to be held to less stringent standards than formal pleadings drafted by lawyers . . . [p]ro se litigants [] are not exempt from the requirements of the Federal Rules of Civil Procedure." *Coe v. Homecomings Fin. LLC*, No. 10-2774-BBD-TMP, 2011 WL 13129069, at *4 (W.D. Tenn. Oct. 27, 2011), *aff'd*, 509 F. App'x 520 (6th Cir. 2013). In addition, a court cannot "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011).

## ARGUMENT

### A. The Lien on the Property Was Not Discharged by the Bankruptcy Court.

Although the allegations in the Complaint are unclear, it appears Plaintiff alleges that each of the entities and/or individuals who entered the Property to perform property preservation tasks were not entitled to do so because of Plaintiff's bankruptcy. Plaintiff cannot state a claim for any

cause of action on this basis because the lien was not discharged by Plaintiff's bankruptcy proceedings.

A Chapter 7 discharge does not discharge a lien securing the debtor's obligations to a secured creditor. *See* 11 U.S.C. § 522(c)(2); *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991) (holding that "a discharge extinguishes only 'the personal liability of the debtor'" and "a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy"). Rather, Plaintiff's discharge extinguished only his *personal liability* on the debt. *Id.*; *see also In re Khan*, No. 10-36155, 2011 WL 4543962, at *3 (Bankr. E.D. Tenn. Sept. 29, 2011) ("Although a debtor may discharge his or her personal liability on the underlying debt, a lien created pre-petition securing the debt survives discharge.").

Plaintiff's Complaint is based on the fundamentally incorrect premise that his discharge from bankruptcy extinguished the lien against the Property and, therefore, no one was allowed to preserve, secure, or foreclosure on the Property. Accordingly, the Complaint should be dismissed in its entirety with prejudice.

**B. Plaintiff's Claims for Negligence and Disregard of Due Process Fail.**

Plaintiff's prayer for relief identifies only two causes of action: negligence and disregard for due process under Tenn. Code Ann. § 35-5-101.[4] Complaint, p. 7. Plaintiff does not set forth sufficient facts to state a claim for either.

First, claims brought under Tenn. Code Ann. § 35-5-101, which sets forth the statutory requirements for a foreclosure sale, are typically classified as claims for wrongful foreclosure. *See Beasley v. Wells Fargo Bank, N.A.*, No. 3:16-CV-1373, 2017 WL 413856, at *3 (M.D. Tenn. Jan.

---

[4] Plaintiff also seeks monetary damages under Tenn. Code Ann. § 16-15-501(d)(1), which does not provide an independent cause of action. Rather, the statute limits damages in general sessions courts to $25,000.

31, 2017) (recognizing that claims for violations of Tenn. Code Ann. § 35-5-101 are wrongful foreclosure claims); *Pearson v. Specialized Loan Servicing, LLC*, No. 1:16-CV-318, 2017 WL 3158791, at *3 (E.D. Tenn. July 24, 2017) (explaining that Tenn. Code Ann. § 35-5-101 lays out the "requirements that a would-be seller of property must meet before initiating any sale of land to foreclose a deed of trust, mortgage or other lien"). There can be no wrongful foreclosure claim where there has been no foreclosure. Because no foreclosure sale has taken place, Plaintiff's claim under Tenn. Code Ann. § 35-5-101 should be dismissed.

Even if a foreclosure sale had taken place, Plaintiff still fails to state a claim under Tenn. Code Ann. § 35-5-101 because the Complaint fails to identify *how* Hilldale Defendants purportedly failed to comply with the referenced statute. This alone warrants dismissal. *Johnson v. Flagstar Bank, FSB*, No. 2:12-CV-223, 2012 WL 6569346, at *3 (E.D. Tenn. Dec. 17, 2012) (dismissing claim brought under Tenn. Code Ann. § 35-5-101 where the complaint did not "assert how [the defendant] did not comply or how that alleged noncompliance entitles [the plaintiff] to relief under the cited statutes").

Second, Plaintiff fails to state a claim for negligence. In Tennessee, a plaintiff must establish the following to state a negligence claim: "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the applicable standard of care; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal, causation." *Power & Tel. Supply Co. v. SunTrust Banks, Inc.*, 447 F.3d 923, 932 (6th Cir. 2006). Plaintiff has not and cannot set forth sufficient allegations to support a cause of action for negligence.[5]

---

[5]     Plaintiff's Complaint also seeks damages for gross negligence. Complaint, p. 7. To state a claim for gross negligence, a plaintiff must first establish negligence. *Wolfe v. MBNA Am. Bank*, 485 F. Supp. 2d 874, 880 (W.D. Tenn. 2007). Because Plaintiff fails to state a claim for negligence, his gross negligence claim similarly fails.

Tennessee does not recognize a common law duty owed by a bank to its customers because the "bank-depositor or debtor-creditor relationships generally involve arm's-length dealings." *Id.*; *see also Williams v. SunTrust Mortg., Inc.*, No. 3:12-CV-477, 2013 WL 1209623, at *4 (E.D. Tenn. Mar. 25, 2013) ("Without a breach of a duty, there can be no negligence." (citation omitted)). Quite simply, "the standard Tennessee rule that financial institutions do not have a common law duty of care with respect to 'customers, depositors, or borrowers' applies to this case." *Vaughter v. BAC Home Loans Servicing, LP*, No. 3:11-CV-00776, 2012 WL 162398, at *5 (M.D. Tenn. Jan. 19, 2012) (citations omitted). This is for a simple reason: "Where two parties enter into a contractual arrangement, their obligations to each other generally arise only out of the contract itself." *Permobil, Inc. v. Am. Express Travel Related Servs. Co*, 571 F. Supp. 2d 825, 842 (M.D. Tenn. 2008) (citations omitted) (dismissing the plaintiff's negligence claim because plaintiff failed to demonstrate the existence of a duty outside the contract). Because Plaintiff cannot establish the first element of negligence, this Court should grant Hilldale Defendants' motion to dismiss.

### C. The Deed of Trust Allows Property to be Secured

To the extent Plaintiff's Complaint is based upon the faulty assertion that Hilldale Defendants and its agents were not entitled to enter the Property to preserve and secure it, it fails as a matter of law because the Deed of Trust allows the Lender and its successors and assigns to enter the Property and take action to protect its security interest.

The Deed of Trust provides that "Lender or its agents may make reasonable entries upon and inspections of the Property." **Exhibit B**, p. 6. It further provides that if "Borrower has abandoned the Property then Lender may do any pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under [the Deed of Trust] . . . including securing . . . the Property." *Id.* Even assuming that all factual allegations in the Complaint are true, Plaintiff

stopped residing in the Property in April 2010. Complaint ¶ 2. At an absolute maximum, Plaintiff alleges that he spent only forty-nine (49) days at the Property over the next seven years. Complaint ¶¶ 9-10, 27, and 29. Under such circumstances, the Deed of Trust permits Hilldale Defendants to take action to protect and preserve its security interest in the Property.

Even absent this abandonment, the Deed of Trust allows Hilldale Defendants to enter the Property and perform inspections. Plaintiff cannot state a claim where the conduct complained of is specifically allowed under the terms of the Deed of Trust. *See De Casal v. Nationstar Mortg., LLC*, No. 3:14-2000, 2015 WL 9480464, at *4 (M.D. Tenn. Dec. 28, 2015), *report and recommendation adopted as modified*, No. 3:14-2000, 2016 WL 626054 (M.D. Tenn. Feb. 17, 2016) (dismissing *pro se* plaintiff's claims in part where allegations were contradicted by the express terms of the deed of trust); *League v. Fed. Nat'l Mortg. Ass'n & Seterus, Inc.*, No. 2:15-CV-2047-SHL-TMP, 2015 WL 12826636, at *5 (W.D. Tenn. Sept. 24, 2015) (dismissing *pro se* plaintiff's complaint where challenged assignments were specifically allowed by the deed of trust).

In order to survive a motion to dismiss, "the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Bowles v. Mass Mut. Life Ins. Co.*, No. 15-2677-STA-TMP, 2016 WL 590249, at *3 (W.D. Tenn. Feb. 11, 2016). Plaintiff fails to do so here. Accordingly, this Court should grant Hilldale Defendants' Motion and dismiss Plaintiff's Complaint in its entirety with prejudice.

## CONCLUSION

Based on the foregoing, Hilldale Defendants respectfully request that this Court grant its Motion to Dismiss with prejudice.

Respectfully submitted this 8th day of September, 2017.

Respectfully submitted,

/s/ Alex McFall

Alex McFall (BPR# 033949)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 252-4629
Fax: (615) 248-3029
Email: amcfall@bradley.com

*Attorney for Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for the Hilldale Trust, The Hilldale Trust, and Fay Servicing, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2017, a copy of the foregoing was filed electronically with the Clerk's office by using the CM/ECF system and served electronically and/or via first-class U.S. mail, postage prepaid, or email, upon all parties as indicated below.  Parties may also access this filing through the Court's ECF system.

Mark V. Reeder
119 E. Circle Drive
Oscelola, Arkansas 72370
redbaron22@joimail.com

*Plaintiff*

Junaid Odubeko
Bradley Arant Boult Cummings LLC
1600 Division Street, Suite 700
Nashville, Tennessee  37203

*Attorney for Bank of America, N.A.*

Kavita Shelat
Baker Donelson
First Tennessee Building
165 Madison Avenue, Suite 2000
Memphis, Tennessee  38103

*Attorney for BSI Financial Services, Inc.*

Christopher Cook
National Vendor Management Services
10371 Central Park Drive - B
Manassas, Virginia  20110

*National Vendor Management Services*

Todd Clouser
Owner
Five Star Field Service, LLC
200 B Stonebridge Blvd.
Jackson, Tennessee  38305-6028

*Five Star Field Service, LLC*

Keylink, Inc.
3115 Melrose Dr., #130
Carlsbad, CA  92010

*Keylink, Inc.*

Stoney W. Hayes
616 Maple Street
Tiptonville, TN 38079-1425

*Stoney W. Hayes*

/s/ *Alex McFall*
Alex McFall