# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| MARK REEDER ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:17-cv-01170-STA-egb |
| ) | |
| BSI FINANCIAL SERVICES, INC.; KEYLINK, ) | |
| INC.; NATIONAL VENDOR MANAGEMENT ) | |
| SERVICES; CHRISTIANA TRUST, A ) | |
| DIVISION OF WILMINGTON SAVINGS ) | |
| FUND SOCIETY, FSB, AS TRUSTEE FOR ) | |
| THE HILLDALE TRUST; THE HILLDALE ) | |
| TRUST; BANK OF AMERICA, N.A., FAY ) | |
| SERVICING, LLC; FIVE STAR FIELD ) | |
| SERVICE, LLC; STONEY W. HAYES; ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

BSI Financial Services, Inc. ("BSI Financial"), which was the previous servicer of Plaintiff Mark Reeder's mortgage loan, submits its Memorandum of Law in support of Motion to Dismiss as follows:

### INTRODUCTION

*Pro se* Plaintiff Mark Reeder argues that a foreclosure sale of the property at 421 Moss Street in Tiptonville, TN cannot go forward because the $35,000 mortgage lien purportedly was discharged during his 2010 Chapter 7 bankruptcy. This is incorrect. In his Chapter 7 bankruptcy, Mr. Reeder reaffirmed his mortgage debt in order to retain the property. The discharge of his debts, therefore, does not extend to his mortgage lien. Mr. Reeder's entire suit is based on a misunderstanding of the effects of his Chapter 7 bankruptcy proceeding, and his lawsuit is due to be dismissed.

## FACTUAL BACKGROUND

On August 22, 2006, Mr. Reeder executed an Open-End Deed of Trust that secured his loan against the house at 421 Moss Street, Tiptonville TN. (Complaint, ¶¶1, 2; *see also* Deed of Trust, attached as **Exhibit 1**).[1] Four years later in April 2010, he stopped living in the house. (Complaint, ¶ 2).

In February 2010, Mr. Reeder filed for Chapter 7 Bankruptcy. (Complaint, ¶ 3; *see also* Voluntary Petition in Case No. 10-10591 filed in the Bankruptcy Court for the Western District of Tennessee, attached as **Exhibit 2**).[2] In his Voluntary Petition, Mr. Reeder declared that there was a lien on the 421 Moss Street property in the amount of $35,203 and that Bank of America was the creditor. (*See* Voluntary Petition, Schedule A and Schedule D, at pages 8 and 13 of 36 in Exhibit 2). Moreover, he declared that he intended to retain the property and reaffirm the debt. (*See* Voluntary Petition, Chapter 7 Individual Debtor's Statement of Intention, at page 30 of 36 at Exhibit 2). Four months later in June 2010, he obtained a discharge. (*See* Order

---

[1] In deciding a motion to dismiss under Rule 12(b)(6), the Court may consider documents attached to a defendant's motion that are referred to in the complaint and central to a plaintiff's claim. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). A "defendant may introduce certain pertinent documents if the plaintiff fails to do so. Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied." *Weiner v. Klais & Co.*, 108 F3d 86, 89 (6th Cir. 1991). Such documents, when attached to the defendant's "motion to dismiss are considered part of the pleadings . . . ." *Id.* (citation omitted); *see also Amini*, 259 F.3d at 502 (same).

[2] This Court may also consider bankruptcy filings without converting a motion to dismiss into a motion for summary judgment. *See Swanigan v. Nw. Airlines, Inc.*, 718 F. Supp. 2d 917, 922 (W.D. Tenn. 2010) (holding that bankruptcy filings, although outside the pleadings, could be considered without converting a motion to dismiss to a motion for summary judgment.); *Bohanan v. Bridgestone/Firestone North American Tire, LLC*, No. 3:06cv122, 2007 WL 1091209, at *2 (M.D.Tenn. Apr. 10, 2007) (holding that "[b]ecause the filings and the orders entered in the bankruptcy action are public records, the Court may consider them without converting" the motion to dismiss).

4814-0365-3454 v1
2934220-000012 09/08/2017

granting Discharge of Debtor, attached as **Exhibit 3**).  The Discharge Order stated in pertinent part that "The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. . . . However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case."  (Exhibit 3 at p. 2).

Several years later in 2016, Mr. Reed apparently defaulted on his payments because he was informed about the possibility of a loan modification.  (Complaint, ¶ 5).  From at least 2010 until July 2016, Bank of America serviced the mortgage lien.  (Complaint, ¶¶ 5-7 generally).  Thereafter, BSI Financial serviced the mortgage lien.  (Complaint, ¶¶ 11, 12, 15).  In September 2016, Mr. Reeder received a notice of foreclosure.  (Complaint, ¶ 8).  In October 2016, BSI Financial arranged for the grass to be cut around the house, and in January 2017 BSI Financial arranged for the locks to be changed.  (Complaint, ¶¶ 11-12, 27).  Later, servicing of the mortgage loan was transferred to Fay Servicing, LLC.  (*See* Complaint, ¶¶ 32, 36).

## ARGUMENT

**1.      Standard of Review**

To survive a motion to dismiss, a complaint "must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory."  *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275-76 (6th Cir. 2010) (quoting *Tam Travel, Inc. v. Delta Airlines, Inc.*, 583 F.3d 896, 903 (6th Cir. 2009)) (internal quotation marks omitted).  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the U.S. Supreme Court held that a complaint need not contain detailed factual allegations, but the plaintiff must provide grounds for entitlement to relief, and this "requires more than labels and conclusions, and a formulaic

4814-0365-3454 v1
2934220-000012 09/08/2017

recitation of the elements of a cause of action will not do." *Id.* at 555. "The key inquiry is whether the facts in the complaint set out 'a claim to relief that is plausible on its face.'" *Whitney v. City of Milan*, 2010 WL 2671718, at *2 (W.D. Tenn. July 6, 2010) (quoting *Twombly*, 550 U.S. at 570); *see also Smith v. Breen*, 2010 WL 2557447, at *5 (W.D. Tenn. June 21, 2010) (Anderson, J.) ("Factual allegations must be enough to raise a right to relief above the speculative level….").

In *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the Supreme Court clarified that the analysis under Rule 12(b)(6) requires a two-pronged approach. First, the court should determine which allegations in the complaint can be classified as "legal conclusions" and disregard them for purposes of deciding the motion. *Id.* at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Second, the court should evaluate the remaining portions of the complaint – in other words, the well-pleaded facts – and ascertain whether they give rise to a "plausible suggestion" of a claim. *Id.* at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)); *see also Baptist v. Bank of New York Mellon*, 2010 WL 1539973, at *4 (W.D. Tenn. Apr. 16, 2010) (Anderson, J.) (granting a motion to dismiss and holding that the complaint "fail[ed] to comply with the Federal Rules of Civil Procedure and the plausibility pleading standard announced in *Twombly* and *Iqbal*").

**2.     Mark Reeder reaffirmed his mortgage obligation on the Moss Street property.**

Mr. Reeder's entire lawsuit appears to be based on a misunderstanding of his 2010 Chapter 7 bankruptcy proceeding. He argues that he "obtained debt discharge" in June 2010 and that BSI Financial (and subsequent servicer Fay Servicing) knew this fact because their

4

collections-related correspondence to him contained the FDCPA disclosure about "If you have obtained a discharge in bankruptcy . . . you will not be personally responsible for the above referenced debt" and "if you filed Chapter 7 Bankruptcy, received a discharge and this loan was not reaffirmed in the bankruptcy case, we will . . . not attempt to collect, recover or offset the discharged debt as your personal liability." (Complaint, ¶¶ 3, 8, 36). Mr. Reeder, however, did not obtain a discharge of his mortgage obligation. Instead, Mr. Reeder explicitly reaffirmed his mortgage debt in order to retain the Moss Street property. (*See* the Chapter 7 Individual Debtor's Statement of Intention at page 30 of 36 in Exhibit 2). The Discharge Order even lists "Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts" under the heading "Debts That Are Not Discharged." (*See* Exhibit 3, item h). Because Mr. Reeder explicitly reaffirmed his mortgage obligation in order to retain the Moss Street property, any allegations that BSI Financial improperly attempted to collect payment or enforce the terms of the mortgage after his bankruptcy fail to state a cognizable claim as a matter of law.

3. **Even if Mr. Reeder obtained a discharge of his mortgage debt, the lien remained and BSI Financial had the contractual right to preserve the property.**

Assuming for argument's sake that Mr. Reeder actually obtained a discharge of his $35,000 mortgage balance, which he did not, still a Chapter 7 discharge does not discharge the lien itself. *See* 11 U.S.C. § 522(c)(2); *see also Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991) ( "a discharge extinguishes only 'the personal liability of the debtor'" and "a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy"); *In re Khan*, 2011 WL 4543962, at *3 (Bankr. E.D. Tenn. Sept. 29, 2011) ("Although a debtor may discharge his or her personal liability on the underlying debt, a lien created pre-petition securing the debt survives

5

discharge."). In other words, while Mr. Reeder may not be personally liable for the debt, the lien remains on the property and can be enforced in accordance with the Deed of Trust.

The Deed of Trust provides in pertinent part that "Lender or its agent may make reasonable entries upon and inspections of the Property." (*See* Exhibit 1, ¶ 7). It further provides that if "Borrower has abandoned the Property then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under [the Deed of Trust] . . . including . . . securing and/or repairing the Property." (Exhibit 1, ¶ 9). In short, the Deed of Trust allows the creditor to preserve and secure a property.

Given that Mr. Reeder stopped living in the Moss Street property in April 2010 and only returned for short periods in 2016 and 2017, it is reasonable that BSI Financial would have taken steps to preserve the property, including arranging for the grass to be cut and the house to be locked and secured. (Complaint, ¶¶ 12, 27).

**4.  Mr. Reeder fails to state a claim for wrongful foreclosure, negligence, or gross negligence.**

Mr. Reeder denominates his claims as wrongful foreclosure under Tenn. Code Ann. §35-5-101, negligence, and gross negligence. Regarding wrongful foreclosure, it is impossible to determine from the Complaint what allegations are intended to support such a claim. To the extent the wrongful foreclosure claim is based on Mr. Reeder's misunderstanding of the effect of his Chapter 7 bankruptcy, the claim is not legally cognizable and is due to be dismissed. Regarding negligence and gross negligence, Mr. Reeder fails to state a cognizable claim because the relationship between BSI Financial and Mr. Reeder is a contractual one, and the rights, obligations, and duties of each party are set out in the mortgage documents. The "standard Tennessee rule that financial institutions do not have a common law duty of care with respect to 'customers, depositors, or borrowers' applies to this case." *Vaughter v. BAC Home Loans*

6

*Servicing, LP*, 2012 WL 162398, at *5 (M.D. Tenn. Jan. 19, 2012) (citations omitted). Further, "Without a breach of a duty, there can be no negligence." *Williams v. SunTrust Mortg., Inc.*, 2013 WL 1209623, at *4 (E.D. Tenn. Mar. 25, 2013). Because Mr. Reeder has not pled what contractual duty has been violated by BSI Financial, he fails to state a claim for negligence or gross negligence.

## CONCLUSION

None of the allegations in the Complaint states a cognizable claim against BSI Financial, and the entire lawsuit is due to be dismissed.

Respectfully submitted,

/s/ Kavita G. Shelat
Kavita Goswamy Shelat (#29388)
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 577-8120
Facsimile: (901) 577-0725
Email: kshelat@bakerdonelson.com

*Attorney for BSI Financial Services, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on September 8, 2017, a copy of the foregoing electronically filed document was served upon all parties via this Court's ECF system and/or email:

Mark V. Reeder
redbaron22@joimail.com.

Todd Clouser
Five Star Field Service, LLC
200 B Stonebridge Blvd.
Jackson, Tennessee 38305-6028

Stoney W. Hayes
616 Maple Street
Tiptonville, TN 38079-1425

Alex McFall
Bradley Arant Boult Cummings LLC
1600 Division Street, Suite 700
Nashville, Tennessee 37203

Christopher Cook
National Vendor Management Services
10371 Central Park Drive - B
Manassas, Virginia 20110

Junaid Odubeko
Bradley Arant Boult Cummings LLC
1600 Division Street, Suite 700
Nashville, Tennessee 37203

                                                      s/ Kavita G. Shelat

4814-0365-3454 v1
2934220-000012 09/08/2017