IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MARK V. REEDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-01170-STA-egb |
| | ) | |
| BSI FINANCIAL SERVICES, INC.; | ) | |
| KEYLINK, INC.; NATIONAL VENDOR | ) | |
| MANAGEMENT SERVICES; | ) | |
| CHRISTINA TRUST, a division of | ) | |
| Wilmington Savings Fund Society, FSB, | ) | |
| as Trustee for the Hilldale Trust; THE | ) | |
| HILLDALE TRUST; BANK OF AMERICA, | ) | |
| N.A.; FAY SERVICING, LLC; FIVE STAR | ) | |
| FIELD SERVICE, LLC; STONEY W. | ) | |
| HAYES, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

Before the Court is Plaintiff Mark Reeder's Motion for Preliminary Injunction, which was filed on November 28, 2018. (ECF No. 28.) Plaintiff asks this Court to enjoin the sale of his Tennessee real estate and personal property located thereon. (*Id.* at 1.) This Court ordered Defendants to respond to the Motion. (ECF No. 31.) On December 31, 2018, Bank of America, N.A., responded to the Motion, stating that it transferred the loan servicing to BSI Financial Services, Inc., in August of 2016. (ECF No. 37.) BSI Financial Services, Inc., responded on December 20, 2018, stating that it transferred its interest in Plaintiff's loan to Fay Servicing, LLC. (ECF No. 33.) On December 31, 2018, Defendants Christiana Trust, a Division of Wilmington Saving Fund Society, FSB, as trustee for the Hilldale Trust, The Hilldale Trust, and

Fay Servicing, LLC (collectively "Hilldale Defendants") responded that Plaintiff's loan was sold and the servicing rights were transferred to Kondaur Capital. (ECF No. 36.) Bank of America, N.A., BSI Financial Services, Inc., and the Hilldale Defendants assert that they are neither involved with nor have control over the foreclosure proceedings Plaintiff references in his Motion. Nevertheless, this Court considers Plaintiff's plight as set out in the Motion. Because Plaintiff has not shown a clear need for injunctive relief, the Motion is **DENIED**.

Analysis

This Court carefully considers the contentions of the parties when determining whether to grant injunctive relief. "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). It is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008).

Plaintiff bears the substantial burden of demonstrating entitlement to preliminary injunctive relief. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). A preliminary injunction will only be granted where "the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Plaintiff must establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of the equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. This Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Production*

*Co. v. Gambell*, 480 U.S. 531, 542 (1987). Plaintiff fails to demonstrate the need for a preliminary injunction to the extent that is necessary.

I. **PLAINTIFF HAS NOT DEMONSTRATED THAT HE IS LIKELY TO SUCCEED ON THE MERITS.**

"In order to establish a likelihood of success on the merits of a claim, a plaintiff must show more than a mere possibility of success." *Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 402 (6th Cir.1997). "[I]t is ordinarily sufficient if the plaintiff has raised questions going to the merits so serious, substantial, difficult, and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation." *Six Clinics Holding Corp., II*, 119 F.3d at 402.

Here, Plaintiff merely states that he "believes that this Court should decide this case in his favor, based on past and future filings." (ECF No. 28 at 2.) This case was removed to federal court on September 1, 2017. In his Complaint, originally filed in Lake County, Tennessee, General Sessions Court, Plaintiff provided facts alleging that he executed an "Open-End Deed of Trust" with Bank of America on August 22, 2006. (ECF No. 1). Thereafter, Plaintiff stopped residing in his Tennessee home and subsequently obtained a debt discharge from the United States Bankruptcy Court in Jackson, Tennessee. (*Id.*) By letter dated November 13, 2015, Bank of America changed the loan number without any reason given. (*Id.*) On or about July 20, 2016, Bank of America notified Plaintiff that it had sold the note to Defendant Hilldale Trust of New York. (*Id.*) After Bank of America sold the loan, Plaintiff received a letter from a law firm informing him that, if he had obtained a discharge of debt in bankruptcy, he would not be responsible for said debt. (*Id.*) On October 31, 2016, Plaintiff alleges, a stranger entered his property to cut the grass, as directed by Defendants National Vendor Management Services of Manassas and BSI Financial Services, Inc. (*Id.*) On December 16, 2016, Plaintiff was informed

by a neighbor that someone was breaking into his property. (*Id.*) Ten days later, the same neighbor told Plaintiff that the same alleged burglar was removing personal property from Plaintiff's property. (*Id.*)

Plaintiff states that the stress induced by the alleged burglary resulted in Plaintiff requiring medical attention at a hospital on December 26, 2016. (*Id.*) Plaintiff also attributes his medical issues to pneumonia. (*Id.*) On February 7, 2017, Plaintiff reported to the police that additional personal property was missing. (*Id.*) Plaintiff claims that he lost 37 days of work and a laptop computer, and he could not pay his property taxes. (*Id.*) Defendant Fay Servicing mailed an escrow disclosure statement dated June 13, 2017, to Plaintiff. (*Id.*)

In his Complaint, Plaintiff demands damages for "disregard of due process (Tennessee Code Annotated, § 35-5-101) and/or negligence or gross negligence." (*Id.*) He also demands costs, punitive damages, damages to recover for the lost personal property, and injunctive relief to protect his property. (*Id.*) Since this case was reopened on August 9, 2018, three motions to dismiss have been filed. (*See* ECF No. 18, 26, 32.) This Court adopted the Magistrate Judge's Report and Recommendation dismissing claims against Bank of America on January 8, 2019. (ECF No. 39.)

At this stage in the litigation, Plaintiff has not demonstrated that he is likely to succeed on the merits of his claim. Plaintiff's claims have raised no more than a mere possibility of his success. Nothing in Plaintiff's Motion or prior filings persuade this Court otherwise. This Court, however, still looks to the alleged imminent harm absent injunctive relief.

## II. PLAINTIFF FAILS TO SHOW THAT HE WILL LIKELY SUFFER IRREPARABLE HARM IN THE ABSENCE OF INJUNCTIVE RELIEF.

When courts consider irreparable harm, "[t]he key word . . . is irreparable," and "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date .

. . weighs heavily against [the] claim." *Sampson v. Murray*, 415 U.S. 61, 90, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974) (internal quotation marks and citation omitted). "However, an injury is not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate." *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir.1992).

Plaintiff asserts that "irreparable harm would occur to plaintiff if a foreclosure sale of said real estate were to 'go through' before this lawsuit is decided." (ECF No. 28 at 2.) Plaintiff, however, fails to point to any imminent sale of his property or changes in its interest. The harm to which Plaintiff refers is merely speculative. Moreover, if Plaintiff were to succeed, nothing in the record indicates that compensatory damages would be inadequate. Though Plaintiff has shown neither that he is likely to succeed on the merits nor that he is likely to suffer irreparable harm without injunctive relief, this Court looks to the balance of equities and the public interest.

### III. PLAINTIFF HAS NOT DEMONSTRATED THAT THE BALANCE OF EQUITIES TIPS IN HIS FAVOR OE THAT AN INJUNCTION IS IN THE PUBLIC INTEREST.

This Court has no reason to believe that granting the preliminary injunction would cause substantial harm to others, but there is also no indication that the public interest would be served by granting the preliminary injunction. According to Plaintiff, he will suffer serious harm from a foreclosure sale that, at this time, is speculative. For Defendants, there is no harm, as they no longer have any interest in or control over Plaintiff's property or its disposition. Nothing before this Court, however, indicates that injunctive relief would be harmless to the current entity servicing the loan—as the current entity servicing Plaintiff's loan is not a party to this action. Further, there is no public interest in enjoining a foreclosure sale of which there is no evidence.

Conclusion

Plaintiff's threadbare recitals and conclusory statements do not adequately show his need for an extraordinary remedy like a preliminary injunction. Therefore, the Motion is **DENIED**.

**IT IS SO ORDERED**.

s/ **S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: January 9, 2019.