IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MARK REEDER, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BSI FINANCIAL SERVICES, INC.; ) <br> KEYLINK, INC.; NATIONAL VENDOR ) <br> MANAGEMENT SERVICES; CHRISTINA ) <br> TRUST, A DIVISION OF WILMINGTON ) <br> SAVINGS FUND SOCIETY, FSB, AS ) <br> TRUSTEE FOR THE HILLDALE TRUST; ) <br> THE HILLDALE TRUST; BANK OF ) <br> AMERICA, N.A., FAY SERVICING, LLC; ) <br> FIVE STAR FIELD SERVICE, LLC; ) <br> STONEY W. HAYES, ) <br> ) <br>     Defendants. ) | No.: 1:17-cv-01170-STA-egb |

## ORDER DENYING PLAINTIFF'S MOTION TO RECUSE

Before the Court is Plaintiff Mark Reeder's Motion to Recuse, which was filed on January 22, 2019. (ECF No. 41.) Plaintiff correctly cites 28 U.S.C. § 455 as the statutory basis for a judge's disqualification. His reliance, however, is futile. Because there is no basis for disqualification, Plaintiff's Motion is **DENIED**.

Subsection (a) of 28 U.S.C.§ 455 provides that a district judge "shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned." Such disqualification must be based on a judge's *personal* conduct and bias—meaning that the conduct and bias warranting disqualification must be unrelated to the judge's view of the law and his judicial functions. *Green v. Nevers*, 111 F.3d 1295, 1303-04 (6th Cir. 1997). "Judicial

rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

In his Motion, Plaintiff states that he has "good reason to believe that [this Court] cannot hear this case in a fair and impartial manner." (*Id.*) In supporting his belief, Plaintiff asserts that it would have been "obvious to any fair and impartial judge" that Plaintiff's circumstances and his property's value warranted the granting of injunctive relief. (*Id.*) Plaintiff's Motion is, thus, based upon Plaintiff's disagreement with this Court's Order Denying Plaintiff's Motion for Preliminary Injunction (ECF No. 40). Although Plaintiff may subjectively question the Court's impartiality, this subjective belief, regardless of its sincerity, is not enough. Plaintiff's mere disappointment is not grounds for recusal. Because it lacks merit, the Motion is **DENIED**.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: February 27, 2019